STATE OF NORTH CAROLINA v. EARNEST LEE MARKHAM

No. 851SC1035

(Filed 15 April 1986)

**Criminal Law § 73.4— whereabouts of thief during pursuit—excited utterance exception to hearsay rule**

In a prosecution of defendant for felonious larceny, the trial court did not err in allowing a witness, who related her pursuit of the thief, to testify as to what a bystander told her with regard to the thief's whereabouts, since the testimony was admissible under the present sense impression and excited utterance exceptions to the hearsay rule. N.C.G.S. 8C-1, Rule 803(1) and (2).

APPEAL by defendant from *Watts, Judge*. Judgment entered 15 May 1985 in PASQUOTANK County Superior Court. Heard in the Court of Appeals 10 March 1986.

Defendant was convicted of felonious larceny. At trial, the State's evidence tended to show that on 14 January 1985, Delores White was employed at an Elizabeth City clothing store. At about 3:00 p.m., White observed a man leaving the store with clothing over his arm. She had not previously observed the man in the store nor had she sold him any clothing. White asked another employee to call the police, then pursued the man into the street. During the pursuit, the man dropped some of the clothing. When White stopped to pick up the dropped clothing, the man disappeared. White subsequently returned to the store where she talked with Officer Cutrell, telling him what had happened. At trial, White identified defendant as the thief.

Tyrone Sutton observed defendant running down a street near the clothing store near the time of the theft. Defendant was carrying an armful of suits. Sutton observed defendant run into a parking lot and place the suits under a car. Sutton saw White and told her defendant was the person she wanted. Sutton later identified defendant as the thief to Officer Cutrell.

Officer Cutrell went to the clothing store in response to a call. There, he interviewed White and Sutton. White gave a description of the thief and Sutton told Cutrell of seeing defendant running with the suits and placing them under a car in a nearby parking lot. Cutrell went to the lot and recovered the suits.

Defendant did not offer evidence.

From judgment entered on the jury's verdict of guilty, defendant has appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David E. Broome, Jr., for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by David W. Dorey, Assistant Appellate Defender, for the defendant-appellant.*

WELLS, Judge.

In his sole assignment of error, defendant contends that the trial court erred in allowing Delores White to give hearsay testimony. During direct examination, White related her pursuit of the thief. In doing so, she was allowed to testify, over defendant's objection, that when she lost sight of the man she was pursuing, a nearby woman yelled at her and asked what she (White) was doing. When White explained that she was looking for a man with some suits that he had taken from the store "she said that he had gone in the lot. She pointed towards the lot behind Perry Apartments." Defendant contends that such testimony was hearsay, should not have been allowed and was sufficiently prejudicial to require a new trial. We disagree and find no error.

N.C. Gen. Stat. § 8C-1, Rule 803 of the Rules of Evidence provides, in pertinent part:

Rule 803. *Hearsay exceptions; availability of declarant immaterial.*

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(1) Present Sense Impression.—A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

(2) Excited Utterance.—A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

Assuming that the statement objected to was arguably hearsay, we nevertheless hold that this statement was admissible under either of the above two exceptions. As Professor Brandis has observed, the trustworthiness of such an utterance "lies in its *spontaneity*—the unlikelihood of fabrication because the statement is made in immediate response to the stimulus of the occurrence and without opportunity to reflect . . . ." 1 Brandis, *N.C. Evidence* § 164 (2d rev. ed. 1982). The official commentary to the Rules of Evidence is in the same vein:

> The present rule proceeds upon the theory that under appropriate circumstances a hearsay statement may possess circumstantial guarantees of trustworthiness sufficient to justify nonproduction of the declarant at the trial even though he may be available.
>
> . . .
>
> The underlying theory of Exception (1) is that substantial contemporaneity of event and statement negative the likelihood of deliberate or conscious misrepresentation . . . . The theory of Exception (2) is simply that circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication . . . . Spontaneity is the key factor in each instance . . . .[1]

For the reasons stated, defendant's assignment of error is overruled and we find no error in the trial.

No error.

Chief Judge HEDRICK and Judge MARTIN concur.

---

1. With respect to Exception (2), our Supreme Court has used the McCormick on Evidence standard, *i.e.*, that for such utterance to qualify under Exception (2) there must be (1) a sufficiently startling experience suspending reflective thought and (2) a spontaneous reaction, not one resulting from reflection or fabrication. *See State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985).